CLAY, Circuit Judge, dissenting.
The district judge in this case has sent a man to prison for 262 months without taking the time to fully explain the sentencing factors that motivated him to conclude that the Defendant should spend almost 22 years in prison. The majority opinion is almost as bare bones as the sentencing proceeding itself, fails to consider copious amounts of relevant precedent pertaining to sentencing issues, and ignores the well-established rule that a district judge must explain the sentence he imposes. For these reasons, I respectfully dissent.
“When a defendant raises a particular!, nonfrivolous] argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant’s argument and that the judge explained the basis for rejecting it.” United States v. Gapinski, 561 F.3d 467, 474 (6th Cir.2009) (quoting United States v. Lalonde, 509 F.3d 750, 770 (6th Cir.2007)). In this case, Defendant made a series of arguments for a lower sentence: the economic pressure his family faced when he was young, his early exposure to drugs and his continuing substance abuse problems, the fact he sold drugs to a relatively limited number of people, and that he is a father to two children. The district court’s only reference to these arguments was to briefly note that Sorrell had “given care” to his two children. This cursory treatment of the Defendant’s arguments simply does not satisfy the district court’s obligation to explain its sentence. The district court must “adequately articulate[ ] its reasoning for imposing the particular sentence chosen.” United States v. Bolds, 511 F.3d 568, 581 (6th Cir.2007).
The majority’s defense of the district court’s largely unexplained sentence is to merely invoke “plain error review.” The majority never provides any citation to a case where so perfunctory an explanation *676 for a sentence has been upheld. The majority makes the unsupportable, and utterly conclusory, statement that the district court “demonstrated consideration” of the § 3553(a) factors. The majority does not express how it divined the district court’s consideration of the § 3553(a) factors. Noting that Sorrell was a repeat offender and that he took care of his children hardly demonstrates consideration of “the nature and circumstances of the offense and the history and characteristics of the defendant.” 18 U.S.C. § 3553(a)(1). It seems self-evident that Sorrell was presenting more about himself than the fact that he was a father. He alluded to his difficult upbringing and the nature of his crime, which involved, in his attorney’s words, a “smaller targeted group that he socialized with and he provided controlled substances to.” (Sentencing Tr. at 13).
The district judge never referenced these arguments, resulting in an unreasonable sentence under United States v. Vonner, 516 F.3d 382 (6th Cir.2008). The en banc majority in Vonner held that the crucial question is “whether ‘the record makes clear that the sentencing judge listened to each argument,’ ‘considered the supporting evidence,’ was ‘fully aware’ of the defendant’s circumstances and took ‘them into account’ in sentencing him.” Id. at 387 (quoting Rita v. United States, 551 U.S. 338, 358, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)). The majority cannot point to any part of the sentencing transcript that “makes clear” that the judge listened to each argument and considered the supporting evidence. The district court merely accepted Defendant’s counsel’s statements without exercising its own independent judgment and failed to create a meaningful record as required by Supreme Court precedent and this circuit’s precedent. See, e.g., Rita, 551 U.S. at 356, 127 S.Ct. 2456 (noting that the requirement of 18 U.S.C. § 3553(c) for a district court to “state in open court the reasons for its imposition of the particular sentence”); United States v. Simmons, 587 F.3d 348, 361 (6th Cir.2009) (acknowledging that “our case law and the Federal Rules of Criminal Procedure indicate that, as a procedural matter, the district judge must generally speak to arguments that are clearly presented and in dispute”).
Based solely on the district court’s complete failure to satisfy the requirement that it explain its sentence, it is indefensible that the majority would uphold the sentence. What makes this case different in the eyes of the majority is that: “Most important, because Sorrell’s sentence was precisely what his counsel requested, a lengthy explanation was not necessary under these circumstances.” (Majority Op. at 674-75). This statement cites no case or statutory provisions for support. Rather, the majority has created an entirely new rule of sentencing in order to affirm this inadequately explained sentence as reasonable. The request of Defendant’s attorney may make the sentence substantively reasonable, although that issue need not be decided, but in no way does an attorney’s statement at sentencing absolve a district court of its clear duty to explain the sentence it imposes. The district court cannot abdicate its responsibility even in the face of an agreement by counsel for the government or the defendant as to the proposed length of a sentence.
The district court’s reliance on Defendant’s attorney is particularly troubling given the possibility of ineffective assistance of counsel at sentencing. It is impossible to discern on this record whether Defendant’s counsel was ineffective, but creating a blanket assumption that adopting the Defendant’s argument is procedurally reasonable is extremely problematic. A defendant’s rights are not protected when the district court fails to perform an independent analysis and exercise its own *677 discretion. The majority’s holding encourages district courts to abdicate their responsibility at sentencing and to parrot whatever a defendant’s attorney says.
The district court’s comment that it had “little to add” is particularly disturbing. The district court is required to explain how the sentence it imposes satisfies the § 3553(a) factors. “Simply listing the § 3553(a) factors and various characteristics of the defendant without referring to the applicable Guidelines range or explaining the decision to stay within or deviate from that range is insufficient.” Bolds, 511 F.3d at 580 (citations and quotations omitted). Defendant’s argument merely stated a number of reasons why the sentence should be lower. It was the district court’s responsibility to explain how the arguments made by counsel, the relevant sentencing guidelines, and the § 3553(a) factors combine to lead the district court to impose the sentence it chose. “The district court must provide a clear explanation of why it has either accepted or rejected the parties’ arguments and thereby chosen the particular sentence imposed, regardless of whether it is within or outside of the Guidelines.” Id. The district judge undoubtedly failed to satisfy this requirement. All the district judge stated were uncontested facts, that Sorrell was a repeat felony drug offender and that Sor-rell has two children for which he provides support. We have no way of knowing how those facts or the multiple other arguments raised by Sorrell weighed in the mind of the district court whose duty it was to impose the correct sentence.
The district judge’s decision to simply accept Defendant’s proposed sentence with almost no comment renders the sentence unreviewable by this Court. A sentence that does not provide for meaningful appellant review serves as a detriment to Defendant’s exercise of his rights and a detriment to our criminal justice system by undermining a procedure that is regularly and consistently applied to give the appearance and substance of propriety. “After settling on the appropriate sentence, [the district judge] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.” Gall v. United States, 552 U.S. 38, 50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Neither of these purposes emphasized in Gall are achieved by adopting without additional commentary the arguments of one of the parties before the court.
Even though under plain error review, the sentencing judge’s treatment of a defendant’s arguments need not be exhaustive, we should be mindful that each time we affirm a more and more cursory explanation for a sentence, we encourage district judges to give short shrift in their explanations. A satisfactory explanation for Defendant’s sentence likely could have been supplied in an additional five or ten minutes. Considering the stakes at a federal sentencing, it seems appropriate to require that district courts take the extra time to clearly explain to the defendant why it arrived at the given sentence.
Furthermore, the explanation itself provides incalculable value to the administration of justice. As the Supreme Court in Rita noted, “By articulating reasons, even if brief, the sentencing judge not only assures reviewing courts (and the public) that the sentencing process is a reasoned process but also helps that process evolve.” Rita, 551 U.S. at 357, 127 S.Ct. 2456. Rather than foster a procedure that provides public confidence in the sentencing process and provides crucial information for the review of the sentence on appeal, the majority has chosen to affirm a district court’s sentence that expresses no comprehension of several of Defendant’s primary arguments. The public sentencing of *678 criminal defendants is not merely to provide a right to an individual defendant but also to promote the “public’s trust in the judicial institution [and] provide the public with the assurances that creates that trust” Id at 356, 127 S.Ct. 2456.
Because the sentence is procedurally unreasonable even under the plain error standard, I respectfully dissent.